■ ROBERT J. LAWRENCE, Appellant, v MARJORIE G. LAWRENCE, Respondent.—In a matrimonial action in which the parties were divorced by judgment entered July 22, 1988, the plaintiff husband appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), dated June 25, 1991, which denied his motion, *inter alia,* for a declaration that his obligation to pay child support for his son Edward has terminated.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is granted to the extent that it is declared that the plaintiff's obligation to pay child support for his son Edward terminated on June 16, 1989, and an Income Execution for Child Support Enforcement dated April 1, 1991, is vacated.

The plaintiff and his wife were divorced by judgment entered July 22, 1988. Pursuant to a separation agreement which survived and did not merge in the divorce judgment,

the plaintiff agreed to pay child support for his two sons until they reached the age of 21 years or were otherwise emancipated by any of several specified occurrences. However, the separation agreement also provided that the plaintiff's child support obligation would continue beyond a child's twenty-first birthday in the event that the child was "matriculated in a full-time course of study", *inter alia,* at a "recognized" college or university, "up until the child has completed four (4) years of such study".

On June 16, 1989, the parties' oldest son, Edward, reached the age of 21 years. After that date, the plaintiff discontinued the child support payments for Edward. However, the defendant wife demanded that he continue payments, alleging that Edward had enrolled in Santa Monica College prior to his twenty-first birthday. On or about April 1, 1991, the defendant served an "Income Execution for Support Enforcement" on the plaintiff and his employer. The income execution sought alleged arrears of child support in the amount of $8,200.

The plaintiff moved, *inter alia,* for a declaration that his obligation to pay child support for his son Edward has terminated. The plaintiff argued that the defendant had failed to demonstrate that Edward was a matriculated student prior to his twenty-first birthday.

In the order appealed from, the Supreme Court denied the plaintiff's motion in its entirety.

We find that the court improperly denied the plaintiff's motion. It is unrefuted that Edward moved to California sometime after his graduation from high school and did not attend college prior to the summer 1989 semester. It is also unrefuted that the summer 1989 semester did not begin until June 26, 1989, 10 days after Edward's twenty-first birthday. We find that Edward's mere enrollment in college, on the eve of his twenty-first birthday, did not impose upon the plaintiff a continued obligation to support Edward for four years beyond Edward's twenty-first birthday. The unrefuted facts in this case lead to the conclusion that Edward was not a matriculated full-time student at the time of his twenty-first birthday within the meaning of the separation agreement. Thus, the plaintiff's motion is granted to the extent that it is declared that the plaintiff's obligation to pay child support for Edward terminated on June 16, 1989, and the Income Execution for Support Enforcement dated April 1, 1991, is vacated. Thompson, J. P., Sullivan, Harwood and O'Brien, JJ., concur.